### PARTRIDGE *vs.* ELY & a.

A plea of usury, tendering the oath of the defendant, should be signed by him personally, and not by attorney.

A plea of usury is bad if it claim a deduction for interest paid upon the sum alleged to have been included as usury, no special agreement for that as a part of the usury, or consideration for the forbearance, being alleged.

A plea of usury, praying only a deduction from the sum claimed, should not be in the form of a plea in bar.

ASSUMPSIT upon a promissory note, dated March 14, 1840, for the sum of $300, on demand, with interest after the first of April, then next.

The defendants pleaded in bar that April 13, 1837, they were indebted to the plaintiff in the sum of $602.04, and no more; that on that day a corrupt agreement was made between them for giving day of payment of said sum, the defendants paying twelve per cent. interest for the time said sum of money should be forborne, and the defendants thereupon gave their note for $602.04, payable to the plaintiff, on demand, with interest; that they afterwards made the following payments on said note: November 1, 1837, $100; January 29th, 1838, $34; Feb. 28, 1838, $30; March 6, 1838, $36, leaving due on said sum of $602.04 the sum of $402.04; that March 31, 1838, in pursuance of said corrupt agreement, they computed the amount due upon said note for $602.04, with interest up to that time at six per cent., and found the same to be $433.81, and no more; that the defendants thereupon gave their note of that date, payable to the plaintiff, on demand, with interest, after April 1, 1838, for $466.42, which included said $433.81, the balance then due of said sum of $602.04, with interest thereon at the rate of six per

Partridge *v.* Ely.

cent. per annum, together with the sum of $32.61 for the forbearing &c. of said sum of $602.04 from the date of the first mentioned note, of $602.04, until April 1, 1838, which sum of $32.61 was over and above the lawful interest of six per cent. upon the sum forborne. That the plaintiff and defendants, on said 31st day of March, 1838, corruptly agreed that for the forbearing, &c. of said sum of $466.42, they should pay him interest at the rate of 12 per cent. per annum for the time the same should be forborne ; that they afterwards made the following payments on said note for $466.42, viz : April 17, 1839, $116 ; May 15, 1839, $44.72 ; March 14, 1840, $38.38 ; that on the last named day the plaintiff and the defendants computed the amount due on said note with interest at six per cent., and found the same to be $313.55, including said sum of $32.61, and interest on said last mentioned sum, amounting to $3.83, and thereupon, in pursuance of said corrupt agreement, &c. there was added to said sum of $313.55 the sum of $47.61, for forbearance, &c. of said sum of $462.42, in the manner aforesaid, to April 1, 1840, over and above the lawful interest ; that thereupon the defendants gave two notes, together amounting to $361.16, both dated March 14, 1840, payable to the plaintiff, on demand, with interest after April 1, 1840, one of which notes for $300 is the same declared on in this suit, and the other for $61.16, which has been paid by the defendants on April 30th, 1840, which two notes included the amount justly due from the defendants at the date of the note, which was $277.11 and no more, and also $84.05 as and for interest for the forbearance of said sum of $602.04 in the manner above set forth, over and above the lawful interest, &c. ; all which the defendants offered to verify upon oath when and where the court might order. Wherefore they prayed a deduction from the sum lawfully due upon said notes, of the sum $252.15, being three times the amount of the illegal interest so taken and secured.

The plea was signed by the defendants' attorney.

The plaintiff filed a special demurrer.

*Goodall and Morrison,* for the plaintiff. I. The plea is in bar

of the whole; the matter pleaded is only a part of the action. *Gould's Pl.* 358; 9 *N. H. Rep.* 531; 1 *Chittty's Pl.* 510; *Stephen's Pl.* 233, 403; *Saund. Pl. & Ev.* 720.

II. The amount of the usury should be correctly stated; also the amount justly due. Neither of these is done in this plea. 9 *N. H. Rep.* 531.

III. The plea alleges the usury to be $84.05, as stated in the plea previously. The previous computations show that it was made of these items, viz:

$32.61 usury on note of $602.04.

   3.83 interest on that sum of $32.61.

  47.61 usury on $462.42 (as stated, meaning perhaps 466.42.)

_____

$84.05

This is wrong. The item of $3.83 is not usury; and besides, the item of 47.61 includes the sum of $3.83.

*Bellows*, for the defendants.

PARKER, C. J. The plea is informal in being signed by counsel. The offer is to verify the plea by the oath of the defendants, and in such case the plea should be signed by the defendants personally, so that they may be sworn to the truth of the plea by them signed or subscribed. [13 *N. H. Rep.* 430, *Tappan* vs. *Sargeant.*] If this were the only defect it might perhaps be readily remedied.

The plea is bad also in that a deduction is claimed for interest paid upon the sum alleged to have been included as usury, no special agreement for that as a part of the usury or consideration for the forbearance being alleged. If a party agree to pay usury and include it in a note drawing interest, the interest on the usury is not for the forbearance of the sum upon which the usury is paid, but is for the forbearance of the usury itself, unless it is part of the agreement to forbear, that the payment of the usury shall be delayed, and interest paid on that.

The sum received as usury should be correctly stated.

As the plea only prays a deduction, it is not the proper form to plead in bar of the action.